900 A.2d 317

IN THE MATTER OF E. EDWARD BOWMAN, A/K/A
ELMER E. BOWMAN, AN ATTORNEY AT LAW
(ATTORNEY NO. 023801984).

June 22, 2006.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 06–003, concluding that **E. EDWARD BOWMAN, a/k/a ELMER E. BOWMAN,** of **BRIDGETON,** who was admitted to the bar of this State in 1984, and who thereafter was suspended from the practice of law for a period of three months effective May 18, 2004, by Order of the Court filed April 23, 2004, and who remains suspended at this time, should be suspended from the practice of law for a period of one year for practicing law

while suspended and for failing to file the affidavit of compliance required by *Rule* 1:20–20(b)(15), conduct in violation of *RPC* 3.4(c) (knowingly disobeying an obligation under the rules of a tribunal), *RPC* 5.5(a) (unauthorized practice of law), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice), and good cause appearing;

It is ORDERED that **E. EDWARD BOWMAN, a/k/a ELMER E. BOWMAN,** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective immediately; and it is further

ORDERED that **E. EDWARD BOWMAN, a/k/a ELMER E. BOWMAN,** continue to be restrained and enjoined from practicing law during the period of his suspension and that he continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that prior to reinstatement to practice, respondent shall demonstrate that he is fit to practice law as attested to by a mental health physician approved by the Office of Attorney Ethics; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.